**JWB**

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Ian Burns, | ) No. CV 07-2131-PHX-DGC (MHB) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Joseph Arpaio, | ) |
| Defendant. | ) |

In this civil rights action brought by a county jail inmate, Defendant moved to dismiss for lack of exhaustion (Doc. # 6). Plaintiff failed to respond, although he was informed of his rights and obligations to do so (Doc. # 7). The Court will grant the motion to dismiss.

**I.      Exhaustion**

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to

decide disputed issues of fact. <u>Wyatt</u>, 315 F.3d at 1119-20. A court has broad discretion as to the method to be used in resolving the factual dispute. <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

**II.    Analysis**

In his Complaint, Plaintiff alleged that Defendant Arpaio instituted a policy that restricts all mail to metered postcards (Doc. # 1 at 3). Plaintiff claimed that this policy contravenes his First Amendment rights (<u>id.</u>). Plaintiff further alleged that this issue has been grieved by numerous inmates without success by other inmates. As a result, Plaintiff acknowledged that he did not grieve this claim personally (<u>id.</u>). The Court required Defendant Arpaio to answer (Doc. # 3).

Defendant Arpaio moved to dismiss for lack of exhaustion,[1] arguing that Plaintiff's failed to file a single grievance as to his claim that his First Amendment rights were violated by Defendant's mail policy (Doc. # 6 at 5). Plaintiff was issued an order containing the customary warnings regarding his obligation to respond and the potential consequences for failing to do so (Doc. # 7). He was specifically informed that if Defendant showed that he failed to exhaust, his action would be dismissed unless he produced controverting evidence (<u>id.</u> at 2).

Plaintiff failed to respond. Thus, Plaintiff has not rebutted Defendant's evidence that Plaintiff did not file any grievances while in Maricopa County custody. Plaintiff's allegations in his Complaint do not alter this determination or suggest that administrative remedies were not available to Plaintiff. On this record, Defendant has met his burden of demonstrating the absence of exhaustion, and the Court will grant his motion to dismiss.

///

///

---

[1] Defendant also argued that Plaintiff's failure to allege a physical injury requires dismissal of his claim (Doc. # 6 at 6). Defendant correctly notes that Plaintiff may not recover damages for emotional injury in the absence of any physical injury. But this does not bar Plaintiff's claims for compensatory, nominal, and punitive damages based on alleged violations of his constitutional rights. <u>Oliver v. Keller</u>, 289 F.3d 623, 629-30 (9th Cir. 2002).

### III. Lack of a Response

Alternately, the Court has the discretion under Rule 7.2(i) of the Local Rules of Civil Procedure to deem Plaintiff's lack of response as consent to Defendant's motion to dismiss. Plaintiff was warned of this possibility (Doc. # 7). The Ninth Circuit Court of Appeals has upheld a dismissal based on a failure to comply with a similar local rule in the District of Nevada. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995). Before dismissal on this basis, the court must weigh (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). If the court does not consider these factors, the record may be reviewed independently on appeal for abuse of discretion. Henderson, 779 F.2d at 1424.

The first three factors do not favor Plaintiff, particularly in light of the fact that Plaintiff has apparently lost interest in prosecuting his action. There is no risk of prejudice to Defendant to resolve the motion in his favor, and judicial efficiency also favors resolution of this action. The fourth factor of favoring disposition of cases on their merits weighs in favor of Plaintiff, and for the fifth factor, dismissal without prejudice is the least drastic sanction. In light of the overall five-factor analysis weighing in Defendant's favor, the Court will dismiss the action without prejudice.

**IT IS ORDERED** that Defendant Arpaio's Motion to Dismiss (Doc. # 6) is **granted**. Plaintiff's action is dismissed without prejudice for lack of exhaustion or alternately, for failure to respond. The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 5th day of May, 2008.

_____
David G. Campbell
United States District Judge